UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, JANE DOE 7, and JANE DOE 8, <br><br> Plaintiffs, <br><br> vs. <br><br> JAMEY NOEL, in his official capacity as Sheriff of Clark County; DAVID LOWE, individually and in his official capacity as a jail officer of the Clark County Jail; and UNKNOWN JAIL OFFICERS, individually and in their official capacities as jail officers of the Clark County Sherriff's Department, <br><br> Defendants. | CAUSE NO.: 4:22-CV-0094 |

## COMPLAINT FOR DAMGES AND JURY DEMAND

Come now Plaintiffs, JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, JANE DOE 7, and JANE DOE 8, by counsel, Stephen M. Wagner and Laura M. Swafford of WAGNER REESE, LLP, and for their cause of action against the Defendants, JAMEY NOEL, in his official capacity as Sheriff of Clark County (hereinafter "NOEL"), DAVID LOWE, individually and in his official capacity as a jail officer of the Clark County Jail (hereinafter "LOWE"), and UNKNOWN JAIL OFFICERS, individually and in their official capacities as jail officers at the Clark County Sheriff's Department (hereinafter "UNKNOWN JAIL OFFICERS"), allege and state as follows:

1

**BACKGROUND**

1. This federal civil rights action arises from a night of terror at the Clark County Jail located at 501 East Court Avenue, #159, Jeffersonville, Indiana (hereinafter "the Jail."). On October 23, 2021, former Clark County jail officer LOWE allowed two male detainees access to keys to the interior areas of the Jail in exchange for a payment of $1,000.00. These keys allowed the male detainees, and other male detainees, access to numerous restricted areas in the Jail, including Pods 4(E) and 4(F) that housed women. On the night of October 23, and into the early morning hours of October 24, 2021, numerous male detainees used the keys obtained from LOWE to enter Pods 4(E) and 4(F) where they raped, assaulted, harassed, threatened and intimidated the Plaintiffs in this lawsuit, and other women, for several hours, resulting in significant physical and emotional injuries. Amazingly, even though there were surveillance cameras positioned in locations that showed the male detainees accessing the women's Pods, and even though the incident involved multiple mail detainees and dozens of victims over an extended period of time, not a single jail officer on duty that night came to the aid of the Plaintiffs and the other victims.

2. Rather than support the victims who were subject to sexual assault and abuse, Jail officials punished the women after the incident by (1) revoking their "dark privileges" and leaving the lights on for 72 straight hours, (2) placing the women on "lockdown" whereby they were restricted to their pods and denied normal privileges, and (3) confiscating authorized personal property from the women such as pillows, blankets and personal hygiene items without any legitimate security reason.

3. The violation of the Plaintiffs' constitutional rights was the result not only of a single bad actor, LOWE, but also due to a systemic failure on behalf of the Clark County Sheriff who failed to properly staff the Jail, train the Jail officers, and supervise the Jail officers to make sure they

maintained adequate security at the Jail. These systemic failures allowed numerous male assailants to have free run of the Jail for several hours, resulting in a night of terror for the Plaintiffs and other victims.

## JURISDICTION AND VENUE

4. This is a civil rights action brought for violations of the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States of America made actionable under 42 U.S.C. § 1983.

5. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 as well as 42 U.S.C. §§ 1983 and 1988. Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide Plaintiff's claims arising under state law pursuant to 28 U.S.C. §1367.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## PARTIES

7. At all relevant times, Plaintiff, JANE DOE 1, was a citizen of the United States of America, State of Indiana, City of Jeffersonville, County of Clark, and was a pre-trial detainee at the Jail.

8. At all relevant times, Plaintiff, JANE DOE 2, was a citizen of the United States of America, State of Indiana, City of Salem, County of Washington, and was a pre-trial detainee at the Jail.

9. At all relevant times, Plaintiff, JANE DOE 3, was a citizen of the United States of America, State of Indiana, City of Charlestown, County of Clark, and was a pre-trial detainee at the Jail.

10. At all relevant times, Plaintiff, JANE DOE 4, was a citizen of the United States of America, State of Indiana, City of Salem, County of Washington, and was a pre-trial detainee at the Jail.

11. At all relevant times, Plaintiff, JANE DOE 5, was a citizen of the United States of America, State of Indiana, City of Jeffersonville, County of Clark, and was a pre-trial detainee at the Jail.

12. At all relevant times, Plaintiff, JANE DOE 6, was a citizen of the United States of America, Commonwealth of Kentucky, City of Louisville, County of Jefferson, and was a pre-trial detainee at the Jail.

13. At all relevant times, Plaintiff, JANE DOE 7, was a citizen of the United States of America, State of Indiana, City of Indianapolis, County of Marion, and was a pre-trial detainee at the Jail.

14. At all relevant times, Plaintiff, JANE DOE 8, was a citizen of the United States of America, State of Indiana, City of Jeffersonville, County of Clark, and was a pre-trial detainee at the Jail.

15. At all relevant times herein, Defendant, NOEL, was the Sheriff of Clark County, Indiana, and was acting under color of state law. Defendant NOEL was in charge of, among other duties, overseeing the operation of the Jail, including adequately staffing the Jail with properly trained jail officers so as to maintain the safety and well-being of the individuals housed at the Jail.

16. Defendant NOEL is sued in his official capacity only.

17. At all relevant times herein, the NOEL was responsible for enforcing the rules and regulations of the Clark County Sheriff's Department and for ensuring LOWE and the

UNKNOWN JAIL OFFICERS (collectively "Defendant Jail Officers") obeyed the laws of the State of Indiana and the United States of America.

18. At all relevant times herein, Defendant, LOWE, was employed by the Clark County Sheriff's Department and was assigned to work at the Jail. LOWE was acting under color of state law and within the scope of his authority and employment, and as an agent of Clark County Sheriff's Department. LOWE is sued in his individual and official capacities.

19. At all relevant times herein, Defendants, UNKNOWN JAIL OFFICERS, were employed by the Clark County Sheriff's Department and were assigned to work at the Jail. Said Defendants were acting under color of state law and within the scope of their authority and employment, and as agents of the Clark County Sheriff's Department. They are sued in their individual and official capacities.

## BACKGROUND

20. At all relevant times herein, all the Plaintiffs were detained in the Jail and were under the care, custody and control of the Defendants.

21. At all relevant times herein, the Jail had multiple Pods within the facility where detainees were housed. Pod 4 included Pods 4(A), 4(B), 4(C), 4(D), 4(E), and 4(F). The Pods were internally connected to each other, in that Pod 4(A) was connected to 4(B), 4(B) was connected to 4(C), 4(C) to 4(D), 4(D) to 4(E), and 4(E) to 4(F).

22. On October 23-24, 2021, Pods 4(A), 4(B) and 4(C) housed men.

23. On October 23-24, 2021, Pods 4(D), 4(E) and 4(F) housed women.

24. On October 23-24, 2021, JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, JANE DOE 7, and JANE DOE 8 were all in Pod 4(E).

25. On October 23, 2021, Defendant LOWE allowed two male detainees access to keys to the interior areas of the Jail in exchange for a payment of $1,000.00. These keys allowed the two male detainees, and other male detainees, access to numerous restricted areas in the Jail, including Pod 4(E) where the Plaintiffs were housed.

26. For more than two hours in the late evening of October 23, 2021 and into the early morning hours of October 24, 2021, numerous male detainees, using the keys obtained from LOWE, entered Pods 4(D), 4(E), and 4(F) where the women were housed.

27. The men, who covered their faces so they could not be identified, were yelling and threatening to harm the women if they called for help or pressed the emergency call button.

28. The men repeatedly threatened to sexually assault the women. Specifically, the men were yelling, "Where's the pussy at?" and "I haven't had pussy in two years!"

29. The women in Pods 4(D), 4(E), and 4(F), including the Plaintiffs herein, were terrified and fearful for their lives. They tried to hide under blankets, in the bathroom, or in dark corners of the Pods.

30. Some of the men proceeded to sexually assault the women, groping them and exposing their genitals to the women.

31. At least two women were raped, including Plaintiff, JANE DOE 1.

32. During the late evening hours of October 23, 2021 and/or in the early morning hours of October 24, 2021, multiple male detainees, using the keys obtained from LOWE, entered Pod 4(E) where they raped, assaulted, harassed, and intimidated JANE DOE 1, resulting in significant emotional and physical injuries, including but not limited to nightmares, bleeding, vaginal tears, and genital herpes. Specifically, multiple male detainees entered Pod 4(E) with towels on their head, pushed JANE DOE 1 against the side of a locker, held her in place, and groped her breasts. At that

time, at least one assailant forced his penis inside of JANE DOE 1 against her will. While the rape was occurring, the assailants threatened JANE DOE 1 to keep quiet.

33. During the late evening hours of October 23, 2021 and/or in the early morning hours of October 24, 2021, multiple male detainees, using the keys obtained from LOWE, entered Pod 4(E) and yelled, harassed, intimidated, and threatened JANE DOE 2, resulting in significant emotional distress. At that time, one male detainee came over to JANE DOE 2, who was trying to hide in her bunk. The detainee sat on her bunk and harassed, intimidated, and threatened to sexually assault her. This detainee left, but JANE DOE 2 continued to be harassed and intimidated by other male detainees.

34. During the late evening hours of October 23, 2021 and/or in the early morning hours of October 24, 2021, multiple male detainees, using the keys obtained from LOWE, entered Pod 4(E) and fondled, assaulted, harassed, intimidated, and threatened JANE DOE 3, resulting in significant physical and emotional injuries. Specifically, one male detainee entered Pod 4(E) and came over to JANE DOE 3, who was trying to hide in her bunk. The detainee fondled her breasts and attempted to stick his hand in her pants. JANE DOE 3 yelled for help. The male detainee left, but then reappeared at her bunk to further assault, harass, and intimidate her.

35. During the late evening hours of October 23, 2021 and/or in the early morning hours of October 24, 2021, multiple male detainees, using the keys obtained from LOWE, entered Pod 4(E) and fondled, assaulted, harassed, and intimidated JANE DOE 4, resulting in significant physical and emotional injuries. Specifically, one male detainee entered Pod 4(E) and came over to JANE DOE 4, who was in the bathroom. The detainee fondled her breasts and inner thighs. JANE DOE 4 ran from this assailant but continued to be harassed and intimidated by other male detainees.

36. During the late evening hours of October 23, 2021 and/or in the early morning hours of October 24, 2021, multiple male detainees, using the keys obtained from LOWE, entered Pod 4(E)

and assaulted, harassed, and intimidated JANE DOE 5, resulting in significant emotional distress. Specifically, one male detainee entered Pod 4(E) and came over to JANE DOE 5, who was trying to hide in her bunk. The detainee ripped off JANE DOE 5's blanket, touched her and yelled, "Want to fuck?" JANE DOE 5 screamed for help and started to hyperventilate. This detainee left, but she continued to be harassed and intimidated by other male detainees.

37. During the late evening hours of October 23, 2021 and/or in the early morning hours of October 24, 2021, multiple male detainees, using the keys obtained from LOWE, entered Pod 4(E) and fondled, assaulted, harassed, and intimidated JANE DOE 6, resulting in significant physical and emotional injuries. Specifically, one male detainee entered Pod 4(E) and came over to JANE DOE 6, who was in the bathroom. The detainee grabbed her arm and shoved her against a wall, then fondled her breasts. JANE DOE 6 was able to flee from her assailant but she continued to be harassed and intimidated by other male detainees.

38. During the late evening hours of October 23, 2021 and/or in the early morning hours of October 24, 2021, multiple male detainees, using the keys obtained from LOWE, entered Pod 4(E) and assaulted, harassed, and intimidated JANE DOE 7, resulting in significant emotional distress. Specifically, one male detainee entered Pod 4(E) and came over to JANE DOE 7, who was trying to hide in her bunk. The detainee sat on her bunk, touched her, harassed her, and threatened to sexually assault her.

39. During the late evening hours of October 23, 2021 and/or in the early morning hours of October 24, 2021, multiple male detainees, using the keys obtained from LOWE, entered Pod 4(E) and assaulted, harassed, and intimidated JANE DOE 8, resulting in significant emotional distress.

40. On or about October 23-24, 2021, the Jail had security cameras in Pod 4 that recorded and provided live stream video and audio to the Defendant Jail Officers to allow them to monitor the male and female detainees housed throughout Pod 4.

41. On or about October 23-24, 2021, the Defendant Jail Officers were in charge of monitoring the cameras in Pod 4.

42. On or about October 23-24, 2021, the Defendant Jail Officers watched on the Pod 4 camera feeds as the male detainees used the keys to enter Pods 4(D), 4(E), and 4(F) and rape, fondle, assault, harass, threaten, and intimidate the Plaintiffs over a two (2) hour time period. Despite watching this footage showing numerous detainees in unauthorized areas of the Jail, the Defendant Jail Officers did nothing to stop the assaults on the Plaintiffs.

43. The security camera footage is in the custody and control of the Clark County Sheriff's Department.

44. Rather than support the victims who were subject to sexual assault and abuse, including the Plaintiffs herein, Jail officials punished the women after the incident by (1) revoking their "dark privileges" and leaving the lights on for 72 straight hours, (2) placing the women on "lockdown" whereby they were restricted to their pods and denied normal privileges, and (3) confiscating authorized personal property from the women such as pillows, blankets and personal hygiene items without any legitimate security reason.

45. In the days following these assaults, the missing keys remained missing, and the Jail never changed the locks. As a result, the Plaintiffs continuing to fear male detainees would return in the night to assault, intimate, harass, and rape them.

46. On October 25, 2021, Defendant LOWE was charged with one count of Felony Aiding, Inducing, or Causing Escape, one count of Felony Official Misconduct, and one count of

Misdemeanor Trafficking with an Inmate for allowing the male detainees access to the keys in exchange for $1,000.

## CLAIMS FOR RELIEF

### Count I – 42 U.S.C. § 1983 Claim for Deliberate Indifference
### Against Defendant, DAVID LOWE

47. Plaintiffs hereby incorporate by reference paragraphs 1 through 46 of their Complaint for Damages and Jury Demand as if fully set forth herein.

48. During the Plaintiffs' detention in the Jail, the Defendant, LOWE, had a duty to protect the Plaintiffs from harmful assaults inflicted by other detainees.

49. During the Plaintiffs' detention in the Jail, the Defendant, LOWE, was deliberately indifferent to the substantial risk of the Plaintiffs being sexually assaulted, which demonstrates a total lack of regard for the Plaintiffs' right to be free from unnecessary and unlawful bodily harm.

50. Defendant, LOWE, not only provided the male detainees with access to keys to the Jail, he was also on duty when the assaults described herein occurred.

51. Defendant, LOWE, knew that the assaults on Plaintiffs were occurring but did nothing to prevent said assaults.

52. The acts and omissions of the Defendant, LOWE, as described herein were done willfully, wantonly, and maliciously, and with such reckless disregard of the consequences as to reveal a conscious and deliberate indifference to the substantial risk of the Plaintiffs being sexually assaulted, which resulted in their injuries and damages.

53. Defendant, LOWE, is responsible for Plaintiffs' injuries and emotional distress as a result of his intentional, willful, wanton, and reckless acts and omissions, including but not

limited to his failure to monitor, protect, and provide for the safety of the Plaintiffs while they were detained.

54. As a direct and proximate result of the aforementioned conduct of the Defendant, LOWE, Plaintiffs were deprived of the rights, privileges, and immunities secured to them under the Constitution and laws of the United States of America, including their rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

55. As a direct and proximate result of the wrongful acts and omissions of Defendant, LOWE, as described herein, Plaintiffs were injured and suffered serious bodily injuries, some of which are permanent, pain and suffering, shock, extreme emotional distress, and humiliation.

### Count II – 42 U.S.C. § 1983 Claim for Deliberate Indifference Against Defendants, UNKNOWN JAIL OFFICERS

56. Plaintiffs hereby incorporate by reference paragraphs 1 through 55 of their Complaint for Damages and Jury Demand as if fully set forth herein.

57. During the Plaintiffs' detention in the Jail, the Defendants, UNKNOWN JAIL OFFICERS, had a duty to protect the Plaintiffs from harmful assaults inflicted by other inmates.

58. During the Plaintiffs' detention in the Jail, the Defendants, UNKNOWN JAIL OFFICERS, were deliberately indifferent to the substantial risk of the Plaintiffs being sexually assaulted, which demonstrates a total lack of regard for the Plaintiffs' right to be free from unnecessary and unlawful bodily harm.

59. The Defendants, UNKNOWN JAIL OFFICERS, herein knew that the assaults on Plaintiffs were occurring but did nothing to prevent said assaults.

60. The Defendants, UNKNOWN JAIL OFFICERS, failed to intervene to prevent LOWE and other officers from depriving Plaintiffs of their constitutional rights.

61. Some of the Defendants, UNKNOWN JAIL OFFICERS, acted in a supervisory capacity over LOWE and impliedly authorized, approved, or knowingly acquiesced in LOWE'S unconstitutional conduct.

62. The acts and omissions of the Defendants, UNKNOWN JAIL OFFICERS, as described herein, were done willfully, wantonly, and maliciously, and with such reckless disregard of the consequences as to reveal a conscious and deliberate indifference to the substantial risk of the Plaintiffs being sexually assaulted, which resulted in their injuries and damages.

63. As a direct and proximate result of the aforementioned conduct of the Defendants, UNKNOWN JAIL OFFICERS, Plaintiffs were deprived of the rights, privileges, and immunities secured to them under the Constitution and laws of the United States of America, including their rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

64. As a direct and proximate result of the wrongful acts and omissions of Defendants as described above, Plaintiffs were injured and suffered serious bodily injuries, some of which are permanent, pain and suffering, shock, extreme emotional distress, and humiliation.

61. Some of the Defendants, UNKNOWN JAIL OFFICERS, acted in a supervisory capacity over LOWE and impliedly authorized, approved, or knowingly acquiesced in LOWE'S unconstitutional conduct.

62. The acts and omissions of the Defendants, UNKNOWN JAIL OFFICERS, as described herein, were done willfully, wantonly, and maliciously, and with such reckless disregard of the consequences as to reveal a conscious and deliberate indifference to the substantial risk of the Plaintiffs being sexually assaulted, which resulted in their injuries and damages.

63. As a direct and proximate result of the aforementioned conduct of the Defendants, UNKNOWN JAIL OFFICERS, Plaintiffs were deprived of the rights, privileges, and immunities secured to them under the Constitution and laws of the United States of America, including their rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

64. As a direct and proximate result of the wrongful acts and omissions of Defendants as described above, Plaintiffs were injured and suffered serious bodily injuries, some of which are permanent, pain and suffering, shock, extreme emotional distress, and humiliation.

**Count III – 42 U.S.C. § 1983 Claim for Deliberate Indifference Against Defendant, JAMEY NOEL, in his official capacity as Sheriff of Clark County**

65. Plaintiffs hereby incorporate by reference paragraphs 1 through 64 of their Complaint for Damages and Jury Demand as if fully set forth herein.

66. Defendant, NOEL, in his official capacity, is liable under 42 U.S.C. § 1983 and the United States Constitution for Plaintiffs' injuries which were proximately caused by the customs, policies and/or practices constituting intentional, deliberately indifferent, willful, wanton, reckless and/or grossly negligent acts and/or omissions, which resulted in unconstitutional conduct of his agents, officers and/or employees.

67. As the Clark County Sheriff, Defendant, NOEL, was the policymaker and decision-maker for the Jail. As such, he had oversight responsibility for ensuring that inmates were protected and not subject to abuse.

68. Defendant, NOEL, had a duty to ensure that the treatment of inmates was in compliance with the United States Constitution and Indiana Law.

69. Defendant, NOEL, in his capacity as Sheriff, had the obligation, power, and authority to adopt policies and prescribe rules, regulations and practices for officers of the Jail to protect inmates and prevent their abuse.

70. Defendant, NOEL, acted in supervisory capacity over LOWE and the UNKNOWN JAIL OFFICERS who were working at the jail at the time of incident.

71. Defendant, NOEL, through both the creation of policies and omission of policies, failed to create necessary and proper polices to protect Plaintiffs and prevent their abuse.

72. Defendant, NOEL, failed to establish, maintain, and enforce proper procedures for the monitoring of inmates at the jail, either by personal contact or video surveillance.

73. Defendant, NOEL, failed to establish, maintain, and enforce appropriate procedures for officers to intervene when confronted with another officer's misconduct.

74. The risk of constitutional violations was so high and the need for training so obvious that Defendant NOEL's failure to act reflected deliberate indifference, allowing an inference of institutional culpability.

75. In fact, Defendant, NOEL, adopted policies, procedures, practices or customs that allowed Plaintiffs to be abused.

76. Defendant, NOEL, allowed LOWE and the UNKONWN JAIL OFFICERS to be employed as correction officers without adequate supervision, training, and discipline, which

created a likelihood that substantial violations of the constitutional rights of the public, and in particular Plaintiffs, would occur.

77. Defendant, NOEL, allowed LOWE and the UNKONWN JAIL OFFICERS to be employed without adequate training, which created a substantial likelihood that violations of the constitutional rights of inmates, and in particular Plaintiffs, would occur.

78. Defendant, NOEL, failed to train deputies and jail officers, including LOWE and the UNKONWN JAIL OFFICERS, as to proper procedures to secure and monitor the safety of detainees by maintaining control of Jail keys, security doors, by use of adequate patrols of the Jail and video surveillance.

79. Defendant, NOEL, failed to properly train officers as to their obligations to intervene and report other officers' misconduct.

80. Defendant, NOEL, allowed LOWE and the UNKONWN JAIL OFFICERS to be employed in the manner described above without adequate supervision, which created a substantial likelihood that violations of the constitutional rights of detainees, and in particular Plaintiffs, would occur.

81. Defendant, NOEL, allowed the Jail to be understaffed, which created a substantial likelihood that violations of the constitutional rights of inmates, and in particular Plaintiffs, would occur.

82. Defendant NOEL's failure to create proper policies was objectively unreasonable and demonstrated a conscious or callous indifference to the detainees' rights, and in particular a deliberate indifference to Plaintiffs' constitutional rights.

83. As a direct and proximate result of the aforementioned conduct of Defendant, NOEL, as head of the Clark County Sheriff's Department, Plaintiffs were deprived of the rights,

privileges, and immunities secured to them under the Constitution and laws of the United States of America, including their rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

84. As a direct and proximate result of the wrongful acts and omissions of Defendant, NOEL, as described above, Plaintiffs were injured and suffered serious bodily injuries, some of which are permanent, pain and suffering, shock, extreme emotional distress, and humiliation.

### Count IV – Negligence Claims against Defendants

85. Plaintiffs hereby incorporate by reference paragraphs 1 through 84 of their Complaint for Damages and Jury Demand as if fully set forth herein.

86. In accordance with Indiana statute, Defendants were timely served with a Notice of Tort Claim on January 17, 2022 by certified mail and/or electronic mail.

87. Pursuant to Indiana statute, the Plaintiffs' tort claims have been constructively denied as Defendants have had more than ninety (90) days to investigate the claim but have failed to respond in any manner.

88. A governmental agency is subject to vicarious liability for the torts of its officers, employees or agents while engaged in a non-governmental function or activity, during the course of employment and within the scope of authority.

89. The intentional use or misuse of the badge of governmental authority by its officers, employees or agents, for purposes unauthorized by law, is a non-governmental function or activity.

90. At all relevant times herein, LOWE and the UNKONWN JAIL OFFICERS were employees of the Clark County Sheriff's Department and Defendant, NOEL, acting in the course and scope of their employment. As such, Defendant, NOEL, in his official capacity, is liable for

the negligent acts of Clark County Sheriff Department employees under the doctrine of *respondeat superior*.

91. Additionally, Defendant NOEL, negligently hired, supervised, and retained LOWE and other the UNKONWN JAIL OFFICERS when he knew, or should have known, that said Jail Officers were not properly trained and were otherwise unfit for service.

92. Plaintiffs' injuries and damages were also due to the negligence of Defendant, NOEL, and the other Defendants, who failed to provide adequate supervision and security to protect Plaintiffs.

93. Defendants negligently inflicted emotional distress upon the Plaintiffs, causing them injuries and damages.

94. As a direct and proximate result of the wrongful acts and omissions of Defendant, NOEL and the other Defendants, as described above, Plaintiffs were injured and suffered serious bodily injuries, some of which are permanent, pain and suffering, shock, extreme emotional distress, and humiliation.

### Count V – Claim for Intentional Infliction of Emotional Distress Against Defendants, LOWE and UNKNOWN JAIL OFFICERS

95. Plaintiffs hereby incorporate by reference paragraphs 1 through 94 of their Complaint for Damages and Jury Demand as if fully set forth herein.

96. Defendants' conduct was so extreme, outrageous, intentional and reckless so as to cause severe emotional distress to Plaintiffs.

97. Defendants' conduct constitutes the tort of intentional infliction of emotional distress against Plaintiffs.

98. As a direct and proximate result of the wrongful acts and omissions of Defendants as described above, Plaintiffs were injured and suffered serious bodily injuries, some of which are permanent, pain and suffering, shock, extreme emotional distress, and humiliation.

**WHEREFORE,** Plaintiffs request the following relief:

a. An award of compensatory damages based on Plaintiffs' 42 U.S.C. § 1983 claims for the violation of their constitutional rights;

b. An award of punitive damages against the individual Defendant Jail Officers based on Plaintiffs' 42 U.S.C. § 1983 claims to punish those Defendants for their callous or reckless indifference to Plaintiffs' constitutional rights;

c. An award of compensatory damages, including all damages allowed by Indiana law, for Plaintiffs' state law claims;

d. An award of attorney fees and costs pursuant to 42 U.S.C. § 1988;

e. Trial by jury; and

f. All other relief just and proper in the premises.

Respectfully submitted,

**WAGNER REESE, LLP**

*/s/ Stephen M. Wagner*
Stephen M. Wagner, #18248-49
Laura W. Swafford, #32792-29
11989 North Meridian Street, Suite 100
Carmel, IN 46032
Tel: (317) 569-0000 / Fax: (317) 569-8088
Emails: swagner@wagnerreese.com
           lswafford@wagnerreese.com
*Attorneys for Plaintiffs*

## **JURY DEMAND**

Come now the Plaintiffs, by counsel, and hereby demand trial by jury against the Defendants on all issues set forth in this cause of action.

Respectfully submitted,

**WAGNER REESE, LLP**

*/s/ Stephen M. Wagner*
Stephen M. Wagner, #18248-49
Laura W. Swafford, #32792-29
*Attorneys for Plaintiffs*